FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2021 MAR -4 PM 3:03

UNITED STATES OF AMERICA

v.

CASE NO. 8:21-cr-95-MSS-AAS
21 U.S.C. § 846
21 U.S.C. § 841

JIMMY JOHNSON
    a/k/a "BMG Heavy"
    a/k/a "BMG"
MAURICE CURRENT
    a/k/a "Hut"
AUSTIN TRAVIS WEBB
WAYNE FLOYD
GEORGE LONG
CHAZ BREWSTER
    a/k/a "Little Man"





### INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning on an unknown date, but not later than on or about December 13, 2020, and continuing through on or about the date of this Indictment, in the Middle District of Florida, and elsewhere, the defendants,

    JIMMY JOHNSON, a/k/a "BMG Heavy," "BMG,"
      MAURICE CURRENT, a/k/a "Hut,"
        AUSTIN TRAVIS WEBB,
          WAYNE FLOYD,
          GEORGE LONG,

CHAZ BREWSTER, a/k/a "Little Man,"

did knowingly and intentionally conspire with each other and other persons, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute controlled substances.

The violation involved 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

With respect to JIMMY JOHNSON, the violation further involved 50 grams or more of methamphetamine, a Schedule II controlled substance.

It was part of the conspiracy that the conspirators would perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii), (b)(1)(B)(vi).

## COUNT TWO

On or about December 15, 2020, in the Middle District of Florida, the defendant,

JIMMY JOHNSON, a/k/a "BMG Heavy," "BMG",

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which violation involved fifty (50) grams or more of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT THREE

On or about February 9, 2021, in the Middle District of Florida, the defendants,

MAURICE CURRENT, a/k/a "Hut,"

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR

On or about February 10, 2021, in the Middle District of Florida, the defendant,

JIMMY JOHNSON, a/k/a "BMG Heavy," "BMG",

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT FIVE

On or about February 10, 2021, in the Middle District of Florida, the defendant,

AUSTIN TRAVIS WEBB,

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

### COUNT SIX

On or about February 12, 2021, in the Middle District of Florida, the defendant,

JIMMY JOHNSON, a/k/a "BMG Heavy," "BMG",

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which violation involved forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi).

### COUNT SEVEN

On or about February 12, 2021, in the Middle District of Florida, the defendants,

WAYNE FLOYD, and
GEORGE LONG,

aiding and abetting each other, did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), and 18 U.S.C. § 2.

## COUNT EIGHT

On or about February 18, 2021, in the Middle District of Florida, the defendant,

CHAZ BREWSTER, a/k/a "Little Man,"

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## PREVIOUS CRIMINAL CONVICTIONS

1. For the purposes of this section, the allegations contained in Counts One through Eight are incorporated by reference.

2. The defendants,

> JIMMY JOHNSON, a/k/a "BMG Heavy," "BMG,"
> MAURICE CURRENT, a/k/a "Hut,"
> AUSTIN TRAVIS WEBB,
> WAYNE FLOYD,
> GEORGE LONG,
> CHAZ BREWSTER, a/k/a "Little Man,"

committed the offenses charged in this Indictment after convictions for prior felony drug offenses became final.

3. The defendants,

> JIMMY JOHNSON, a/k/a "BMG Heavy," "BMG,"
> WAYNE FLOYD, and
> CHAZ BREWSTER, a/k/a "Little Man,"

committed the offenses for which they are charged in this Indictment following prior convictions for serious drug felonies and/or serious violent felonies, for which they served more than 12 months of incarceration, became final, and were released from serving any term of incarceration related to those serious drug and violent felonies within fifteen years of the commencement of the offenses charged in this Indictment.

## FORFEITURE

1. The allegations contained in Counts One through Eight are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2. Upon conviction of a violation of 21 U.S.C. §§ 841 and/or 846, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. If any of the property described above, as a result of any acts or omissions of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e.    has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,

_____
Foreperson

KARIN HOPPMAN
Acting United States Attorney

By: _____
Daniel M. Baeza
Assistant United States Attorney

By: _____
Joseph K. Ruddy
Assistant United States Attorney
Chief, Transnational Organized Crime Section

FORM OBD-34
March 21

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

JIMMY JOHNSON a/k/a "BMG Heavy", a/k/a "BMG"
MAURICE CURRENT a/k/a "Hut"
AUSTIN TRAVIS WEBB
WAYNE FLOYD
GEORGE LONG
CHAZ BREWSTER a/k/a "Little Man"

### INDICTMENT

Violations: 21 U.S.C. §§ 841, 846

A true bill,

_____
Foreperson

Filed in open court this <u>4th</u> day of March 2021.

_____
Clerk

Bail $_____

GPO 863 525